BOLIN, Judge.
Plaintiffs and defendant are the owners of adjoining lots upon which are located their respective dwellings in the City of Shreveport. Near the rear of the property, on the dividing line, is a rather dilapidated frame garage extending onto both lots and originally used as a double garage for the benefit of both. The owners of the two tracts in 1945 executed an authentic act whereby they each dedicated a strip four feet wide from their respective properties as an eight-foot community drive leading from the public street in front to the double garage in the rear. In 1962 defendant built a redwood carport on the rear of her property, directly in front of and adjacent to her portion of the old frame double garage. This carport, although entirely on defendant’s land, extended to the property line thereby encroaching approximately four feet on the community drive. Defendant also erected a redwood fence on the dividing line between the properties from near the front sidewalk to her carport and constructed on her property a concrete driveway eight and one-half feet wide, four feet of which is on the property previously designated as a common driveway.
Plaintiff instituted injunctive proceedings to have the redwood fence and carport removed as being located on the property dedicated to the community drive. Defendant filed a general denial claiming the servitude on the four-foot portion of her property had been lost by nonuse inasmuch as plaintiffs had not used it as a driveway for many years. Defendant also, by way of her original and supplemental answer, contended that plaintiffs misused their portion of the passageway by driving iron pipes along the side of the driveway which damaged defendant’s car when she drove off the concrete slab; that they changed the natural flow of water, causing water to stand in the driveway; and asked that the court relocate the servitude of passage entirely on property belonging to defendant. From judgment rejecting plaintiffs’ demand for injunctive relief and relocating the servitude on defendant’s property plaintiffs have appealed.
Defendant has conceded no part of the servitude has been extinguished by nonuse, leaving for consideration the application of LSA-C.C. Art. 777 which provides:
“The owner of the estate which owes the servitude can do nothing tending to diminish its use, or to make it more inconvenient.
*764 “Thus he can not change the condition of the premises, nor transfer the exercise of the servitude to a place different from that on which it was assigned in the first instance.
“Yet if this primitive assignment has become more burdensome to the owner of the estate which owes the servitude, or if he is thereby prevented from making advantageous repairs on his estate, he may offer to the owner of the other estate a place equally convenient for the exercise of his rights, and the owner of the estate to which the servitude is due can not refuse it.”
Defendant alleged and offered proof on several misuses of the servitude by plaintiffs who objected to the introduction of any evidence supporting allegations of misuse and strenuously argue before this court the irrelevance of such acts. They contend the alleged acts on their part would merely grant defendant a cause of action against them to correct such faults. Plaintiffs also assert LSA-C.C. Art. 777 has no application where a common servitude is established by title, and assigned as the principal ground for such argument the use therein of the words “primitive assignment.” Whether these arguments of plaintiffs may or may not have merit we fortunately are not called upon to decide. Even if defendant has alleged and proved the elements prerequisite to seeking relief under the relocation article, the alternative driveway must be “a place equally [as] convenient” to plaintiffs as the original servitude.
We have encountered no difficulty in concluding the driveway, as relocated by the lower court is not as equal in convenience to plaintiffs as the original one. The new drive, while being entirely on defendant’s property, would have a fence on the property line dividing the properties from near the sidewalk to within twenty feet of defendant’s carport. The lower court ordered defendant to remove a twenty-foot strip of the fence from her carport toward the front of her house to allow use-of the proposed driveway by plaintiffs who-would then have to cross over at an angle from defendant’s property to their garage through this twenty-foot gap in the fence. We, therefore, think the lower court was in error in relocating the servitude.
The remaining question for consideration is plaintiffs’ demand for a mandatory injunction ordering defendant to remove the redwood fence and carport and to-plug the drainage pipes which permit water to flow under the newly constructed driveway onto plaintiffs’ lot. As the redwood' carport is on the extreme back of the driveway and directly in front of and adjacent to that portion of the old garage formerly used exclusively by defendant, there has-been no showing that this building has in-any way burdened or obstructed plaintiffs-in the use and enjoyment of the original' servitude. We likewise do not think the record justifies a holding that the small drainage pipes underneath the new concrete driveway have caused any abnormal' amount of water to flow from defendant’s, to plaintiffs’ land. However, having found the servitude should not be relocated, it follows plaintiffs are entitled to a mandatory injunction for the removal of the redwood fence which divides and obstructs-the use of the original servitude.
We fully realize that any lawsuit involving a property dispute between neighbors who have been unable to adjust their differences amicably will never be settled entirely to the satisfaction of all parties; the-frailties of men and the role of the judiciary under our form of government prevent such. However, we can only hope our decision, which is within the framework of the law as we appreciate it, will put an end to this unfruitful litigation. From a practical viewpoint the result will be that the common passageway between the adjoining properties will remain where it has always been, but defendant will be permitted to use a portion thereof devoted to her newly constructed carport. After the fence is removed defendant may use her new con *765 crete drive, as well as four feet on plaintiffs’ property, and plaintiffs will be permitted to use four feet of the new driveway, which admittedly is in better shape than before the new construction.
The judgment appealed from is annulled and set aside and it is:
ORDERED, ADJUDGED AND DECREED that there be judgment in favor of James H. Nelson, Sr., and his wife, Louise J. Nelson, and against Maggie Elizabeth Warren ordering defendant to remove forthwith the fence erected by her and permanently enjoining her from further obstructing the use of the servitude of passage except for the frame carport on the rear thereof on the following described property:
West four feet of Lot Seven (7) and East four feet of Lot Eight (8), all in Block “C” of Hawthorne Heights Subdivision of the City of Shreveport, Caddo Parish, Louisiana.
It is further ordered that all other demands of plaintiffs and defendant in recon-vention be rejected and all costs of the lower court and this court be paid by defendant.
Annulled and rendered.